Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
David R. Shein, Esq. (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS APC
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff Ronald Kaplan

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| RONALD KAPLAN, an individual; | Case No.: |
|---|---|
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR: |
| vs. | 1. COPYRIGHT INFRINGEMENT; |
| WTN MEDIA, LLC, a Wisconsin limited liability company; and DOES 1-10, | 2. DMCA VIOLATIONS |
| Defendants. | <u>Jury Trial Demanded</u> |

Ronald Kaplan, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

1
COMPLAINT

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Ronald Kaplan is an individual and a resident of the State of California.

5. Plaintiff is informed and believes and thereon alleges that Defendant WTN Media, LLC ("WTN") is a limited liability company organized and existing under the laws of the State of Wisconsin with its principal place of business at 404 Dunhill Drive, Verona, Wisconsin 53593, and is doing business in and with the state of California.

6. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and

every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**Facts Related to All Claims**

8. Plaintiff Ronald Kaplan is a consultant and expert witness in the area of systems, networks, security and data management, and management consulting. Over the past 20 years he has written numerous articles which have appeared in publications including Forbes ASAP, LAN Times, The CPA Journal, and PC Week. Plaintiff has also been a frequent speaker at professional conferences on subjects related to the use of personal computers and local area networks in professional environments, and has also written and taught several courses on, inter alia, information management.

9. In 2014 Ronald Kaplan wrote the original article: 6 tips for smartphone privacy and security (hereinafter the "Subject Article"). The Subject Article is, and at all relevant times was, owned in exclusivity by Ronald Kaplan.

10. The Subject Article was published on or about February 11, 2014 at CSO Online, and was duly registered with the United States Copyright Office.

11. Plaintiff is informed and believes and thereon alleges that Defendants, and each, own and operate the WTN News website at www.wtnnews.com which published an article that was a substantial reproduction of the Subject Article at http://wtnnews.com/articles/11046/.

12. On or about December 17, 2014 Plaintiff sent a cease and desist demand to WTN demanding that it cease publishing or displaying the Subject Article however, despite such demand, Defendants and each continued to display and publish the Subject Article.

///

///

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants)

13. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

14. Ronald Kaplan holds a valid copyright in the Subject Article.

15. As described herein, Defendants, and each of them, exploited, published, posted, indexed, and distributed an unauthorized derivation of the Subject Article in violation of Plaintiff's copyrights.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Article, including, without limitation, through Network World, an affiliate publication of CSO Online (both of which are IDG publications).

17. As a result of Defendants' acts of infringement, Plaintiff has suffered damages in an amount to be established at trial and Defendants have obtained profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Article. Plaintiff herein seeks to recover either actual damages or statutory damages, at its election prior to entry of final judgment.

18. Plaintiff is further informed and believes that the unauthorized reproduction of the Subject Article was committed willfully and with actual knowledge that it was in violation of the copyright in the Subject Article, and furthermore that Defendants do not properly train, instruct, and guide their staff reporters, writers, publishing or editorial staff such that this infringement was the result of recklessness and willful blindness to the copyright in the Subject Article.

///

///

## SECOND CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act

(17 U.S.C. §1202)- Against All Defendants)

19. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

20. Plaintiff is informed and believes that Defendants, and each of them, violated 17 U.S.C. §1202(a) and 17 U.S.C. §1202(b) by: (a) knowingly and with the intent to induce, enable, facilitate, or conceal infringement, providing copyright management information on the Subject Article that was false, and distributing copyright management information that was false; and/or (b) intentionally removing and/or altering the copyright management information on the Subject Article, and distributing copyright management information for the Subject Article with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying Plaintiff's copyrighted work knowing that copyright management information had been removed or altered without authority of the Plaintiff or the law, and knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal their infringement.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly removed and altered the copyright management information on the Subject Article, and provided copyright management information for the Subject Article that was false.

22. Plaintiff is informed and believes and thereon alleges that Defendants knowingly attached a fraudulent copyright notice and attribution to the Subject Article.

23. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages and penalties.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### *Against All Defendants*

1. <u>With Respect to Each Claim for Relief</u>
   a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Article;
   b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;
   c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;
   d. That Plaintiff be awarded pre-judgment interest as allowed by law;
   e. That Plaintiff be awarded the costs of this action; and
   f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

///

///

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Dated: April 15, 2016            DONIGER / BURROUGHS APC

                         By:    */s/ Stephen M. Doniger*
                                 Stephen M. Doniger, Esq.
                                 David R. Shein, Esq.
                                 Attorneys for Plaintiff Ronald Kaplan